IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED JUN 19 2006 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

ROBERT SMITH, )
 )
    Petitioner, )
 )
v. )ACTION NO. 1:05cv406 (GBL/TRJ)
 )
VANESSA ADAMS, et al., )
 )
    Respondents. )

## MEMORANDUM OPINION

Petitioner, Robert Smith, a District of Columbia prisoner incarcerated at the Federal Correctional Institution in Petersburg, Virginia, filed this pro se petition pursuant to 28 U.S.C. § 2241. On October 25, 2005, respondents filed an Opposition to Petition for Writ of Habeas Corpus. Smith was given the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Therefore, this matter is ripe for adjudication. For the reasons that follow, Smith's petition must be dismissed.

### I.  Background

In the United States District Court for the District of Columbia, Smith pled guilty to unlawful possession with intent to distribute cannabis and unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year. On June 15, 2004, Smith was sentenced to thirty-six months of incarceration for each violation, and both sentences were ordered to run concurrently. Smith was also sentenced to serve a three-year period of supervised

release on each violation, to begin upon his release from confinement and to also run concurrently. Additionally, the district court ordered Smith to pay a $100 special assessment fee.

On March 31, 2005, Smith filed a motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for the District of Columbia. It appears as if Smith's motion is still pending. See Resp. Ex. 2. On April 11, 2005, Smith filed the instant petition for writ of habeas corpus raising the following four claims:

- A. The U.S. Parole Commission detainer has been lodged against the petitioner unlawfully and effecting his confinement.

- B. The petitioner is in custody in violation of a defective judgment and commitment order.

- C. The district attorney and the trial court attorney had staged a "fraud upon the court" to deprive the petitioner of his liberty interest.

- D. The petitioner's case is ripe to be placed under a "prima facie case" pursuant to Title U.S.C. § 2243.

Respondents have filed an opposition arguing that Smith's petition must be dismissed because his claims ultimately challenge the validity of his conviction and the calculation of his sentence, and as such should have been presented under a § 2255 motion.

## II. Standard of Review

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to § 2255 are two separate and distinct forms of seeking post-conviction

relief. "A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). A challenge to the legality of a federal prisoner's sentence, however, must be brought pursuant to 28 U.S.C. § 2255 in the sentencing court. See 28 U.S.C. § 2255. A "second or successive" § 2255 motion will not be considered by the sentencing court unless the appropriate court of appeals certifies that the successive motion contains newly discovered evidence or a new rule of constitutional law. See § 2255. Furthermore, unless the remedy provided by § 2255 is "inadequate or ineffective" to test the legality of a sentence, § 2255 is the exclusive means for a federal prisoner to collaterally attack the imposition of his sentence. See In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000).

This "inadequate or ineffective" clause is known as the "savings clause" to the successive petition limitation imposed by § 2255. Under certain circumstances federal prisoners may file a successive habeas petition pursuant 28 U.S.C. § 2241. Id. at 333. The Fourth Circuit has stated that "there must exist some circumstances in which resort to § 2241 would be permissible; otherwise the savings clause itself would be meaningless." Id. In considering whether a second or successive petition can be brought

under § 2241, the Fourth Circuit has developed a three-part test:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. Id. at 333-34.[1]

### III. Analysis

While Smith filed the instant petition seeking habeas relief under 28 U.S.C. § 2241, the essence of his petition relates to his conviction and sentencing. As noted above, habeas relief under § 2241 involves the computation and execution of a sentence, not the sentence itself. See Miller, 871 F.2d at 490. Thus, in order for Smith to be entitled to habeas relief under § 2241, he must establish that a § 2255 motion is inadequate and ineffective to test the legality of his conviction under Jones.

Smith fails to meet the three part-test of the Jones analysis for two reasons. First, nowhere in his petition does Smith argue that the substantive law underlying his convictions has changed. Instead, Smith claims that his sentence is invalid because the

---

[1] In Jones, the Fourth Circuit considered whether a petitioner could assert a Bailey v. United States, 516 U.S. 137 (1995), challenge to his conviction under 18 U.S.C. § 924(c)(1) in a habeas petition filed pursuant to 28 U.S.C. § 2241. Finding that the petitioner had met the three prong test, the Fourth Circuit concluded that petitioner was entitled to file a habeas petition in the district of his confinement pursuant to § 2241. In re Jones, 226 F.3d at 334.

statute under which he was convicted is unconstitutional on its face. He also asserts that the federal sentencing guidelines are unconstitutional.[2]

Second, Smith cannot establish that a § 2255 motion is an inadequate and ineffective remedy to test the legality of his conviction under Jones because his § 2255 is still pending before the district court. Smith is currently in the process of challenging the validity of his conviction and sentence under § 2255. The fact that he has not received the relief he desires does not render his § 2255 remedy inadequate or ineffective. See Jones, 226 F.3d at 333.

The instant petition will thus be construed as a motion brought under § 2255. As it appears to be successive, the motion may not be brought unless certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals. See 28 U.S.C. §

---

[2] In his petition Smith mentions that the arguments in Blakely and Booker, had missed the mark for resolving the unconstitutionality of those cases. To the extent Smith is arguing his conviction and sentence are invalid because the substantive law underlying federal sentencing guidelines has changed his argument is incorrect as a matter of law because the rule in Booker, announced a change in the law of criminal procedure rather than a new substantive rule of law. See United States v. Morris, 429 F.3d 65, 69 n.6 (4th Cir. 2005) (holding that Booker announced a new rule of criminal procedure not a new substantive rule). Moreover, the rule announced in Booker has not been made retroactively applicable to cases on collateral review. Id. at 72 (holding that the rule announced in Booker "is not available for post-conviction relief for federal prisoners . . . whose convictions became final before Booker (or Blakely) was decided").

2255. No such certification has been granted; therefore, this motion must be dismissed.

### IV. Conclusion

For the reasons stated above, Smith's petition must be dismissed. An appropriate Order will issue.

Dated: June 19, 2006
Alexandria, Virginia

GERALD BRUCE LEE
UNITED STATES DISTRICT JUDGE