UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

NOV 29 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ROBERT SMITH,                )
                             )
        Petitioner,          )
                             )
v.                           )   Crim. No. 03-0453 (RJL)
                             )
UNITED STATES OF AMERICA     )
                             )
        Respondent.          )
_____)

## MEMORANDUM OPINION
(November 28, 2007) [#25, #37]

Petitioner, Robert Smith, a federal Bureau of Prisons inmate, filed a Motion to Vacate, Set Aside or Correct the Sentence with the Court pursuant to 28 U.S.C. § 2255 seeking an order releasing him from custody of the Bureau of Prisons on the grounds of ineffective assistance of counsel and imposition of an illegal sentence on May 27, 2004. Petitioner subsequently filed a Motion to Amend or Supplement his initial § 2255 motion. The Court DENIES both motions.

## BACKGROUND

Petitioner was indicted in October 2003 on five counts of various weapon and drug possession and distribution violations, (Indictment 1-3), and pled guilty on February 26, 2004 to two of the five counts brought against him in exchange for the dismissal of the remaining three charges and a three-point reduction for acceptance of responsibility in accordance with federal sentencing guidelines. (*See* Plea Tr. 12:22-13:13, Feb. 24, 2004.) The Court accepted petitioner's plea after evaluating the plea agreement, considering the government's

proffered evidence, and receiving assurances from petitioner that he understood and accepted the plea agreement voluntarily, was guilty of the particular offenses, and had no questions about his rights, the plea agreement, or the sentencing guidelines for his case. (*See id.* at 2:19-20:7.) The Presentence Investigation Report ("PSI") recommended a sentencing range of thirty to thirty-seven months of imprisonment and two to three years of supervised release. (PSI 19, and ¶¶ 58, 63.)   Petitioner and his counsel both signed a receipt and acknowledgment indicating that there were no factual or material misrepresentations in the PSI.

On May 27, 2004, the Court sentenced petitioner to concurrent sentences, for Counts 2 and 4, of thirty-six months of imprisonment, three years of supervised release, a $1000 fine to be paid at a rate of $50 per month, and $200 in special assessment fees. (*See* J. 2-5.) The Court also dismissed all remaining charges in the indictment and informed petitioner of his right to appeal. (*Id.* at 1.) When petitioner failed to appeal within ten days, his sentence became final. Fed. R. App. P. 4(b).[1]

On March 30, 2005, petitioner filed the instant motion pursuant to Section 2255. (Pet'r's Mot. to Vacate, Set Aside, or Correct the Sentence ("Pet'r's Mot.") at 1.) On July 19, 2006, petitioner filed another pleading, seeking to amend his initial Section 2255 motion,

---

[1] On April 11, 2005, petitioner filed a separate petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Virginia. *See Smith v. Adams*, No. 05-406, slip op. at 2 (E.D. Va. June 19, 2006). That court denied the petition on the basis that prisoners are generally barred from moving for Section 2255 relief more than once, and, at the time, the instant petition was still pending in the Court. *See id.* at 5-6.

claiming certain additional improprieties by both the Court and his trial counsel that should entitle him to habeas corpus relief. (Pet'r's Mot. to Amend and Supplement Additional Facts That Will Release Him From Custody ("Pet'r's Mot. to Amend").)

## ANALYSIS

Section 2255 of Title 28 of the United States Code provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum authorized by law, . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255; *see In re Moore*, 196 F.3d 252, 254 (D.C. Cir. 1999) ("A federal prisoner seeking relief from his sentence . . . may and [] must seek relief directly from the sentencing court."). Thus, despite petitioner's incarceration in Virginia, this Court, as the original sentencing court, is the proper venue to address his motion.

**I.   Motion to Amend and Supplement the Section 2255 Motion**

Federal Rule of Criminal Procedure 15 governs the ability of a criminal defendant to amend a timely-filed Section 2255 pleading.[2] *United States v. Hicks*, 283 F.3d 380, 386-87

---

[2] Petitioner presents new claims, alleging *inter alia* that: 1) his counsel violated Rule 1-102(A)(1-3) of the ABA Canons of Professional Ethics; 2) his counsel "conspired with the government to . . . prosecute[] his own client and breach [sic] his loyalty in that regards [sic]"; 3) his counsel failed to adequately prepare pretrial motions; 4) his counsel allowed the government to expose petitioner's criminal history to the Grand Jury; 5) *res judicata* barred the Court from enhancing petitioner's sentence for being on probation within another state; 6) his counsel failed to object to the Court's sentencing enhancement and "Virginia detainer"; 7) the Court imposed fines and fees without first finding facts regarding petitioner's ability to pay; 8) questions asked

(D.C. Cir. 2002). As petitioner's motion to amend was filed outside of the one-year statutory period for Section 2255 claims,[3] the new claims presented in this motion are time-barred unless they are subsumed under the "relation back" provision of Rule 15(c).

Rule 15(c) provides that an amendment to a pleading relates back to the date of the original pleading if the claims in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Accordingly, amendments which "seek[] merely to elaborate upon . . . earlier claims" fall within Rule 15(c), whereas amendments that "make[] claims or [are] based on occurrences totally separate and distinct, in both time and type, from those raised in [the] original motion" do not. *Hicks*, 283 F.3d at 388 (holding that although Rule 15(c) could be read to mean that the relevant "occurrence" was petitioner's trial and sentencing, the result of that interpretation would be that "virtually any purported amendment will relate back"); *see also Mayle v. Felix*, 545 U.S. 644, 650 (2005).

---

of petitioner during the plea hearing regarding petitioner's guilt unduly prejudiced the sentencing hearing; and 9) his counsel failed to object to this prejudice prior to the sentencing hearing. Petitioner's motion to amend also more fully elaborates on the grounds for his earlier allegations of ineffective counsel and imposition of an illegal sentence.

[3] The Antiterrorism and Effective Death Penalty Act of 1996 imposes a "one-year period of limitations" on Section 2255 motions, which takes effect following either a final judgment of conviction or the date on which new facts, rights or claims become available to petitioner. *See* 28 U.S.C. § 2255(1); Pub. L. No. 104-132 § 105, 110 Stat. 1214 (Apr. 24, 1996); *Hicks*, 283 F.3d at 387. Here, petitioner had one year from June 15, 2004, the date on which the judgment of his conviction became final, to file a motion. Petitioner filed his original Motion to Vacate, Set Aside, or Correct the Sentence on March 30, 2005, within that one-year period. However, petitioner filed his Motion to Amend and Supplement on July 19, 2006, following the expiration of the one-year statute of limitation period.

Because petitioner's motion to amend advances entirely new legal theories that arise from different sets of facts and types of conduct than his initial motion, the Court finds that petitioner's new claims do not "relate back" to his initial Section 2255 claim, and, thus, because the motion was filed more than one year after petitioner's conviction became final, it is time-barred and petitioner's motion to amend his earlier pleading is DENIED.

## II.  Ineffective Assistance of Counsel Claim

Petitioner brings an ineffective assistance of counsel claim on several grounds, including: (1) his counsel failed to file a notice of appeal; (2) his counsel failed to object to the Court's imposition of fine and special assessment fees; (3) his counsel coerced him into accepting the plea agreement; (4) his counsel failed to raise an entrapment argument; and (5) his counsel failed to discuss and raise objections to the PSI's contents.

To properly make a case for ineffective assistance of counsel, defendant must overcome a strong presumption that counsel's assistance "falls within the wide range of reasonable professional assistance." *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) (observing that judicial scrutiny of ineffective assistance of counsel claims must be "highly deferential"). To successfully raise an ineffective assistance of counsel claim under the Sixth Amendment, petitioner must first establish that his counsel's "representation fell below an objective standard of reasonableness," and must then show that his counsel's deficient performance prejudiced his defense. *United States v. Farley*, 72 F.3d 158, 164 (D.C. Cir. 1995) (quoting *Strickland*, 466 U.S. at 687-88). Furthermore, demonstrating prejudice to

petitioner's defense requires showing the court that "but for" counsel's deficient performance, the outcome would likely have been different. *See Strickland*, 466 U.S. at 694; *see also Mickens v. Taylor*, 535 U.S. 162, 166 (2002) ("[D]efects in assistance that have no probable effect upon the trial's outcome do not establish a constitutional violation."). The defendant, for the following reasons, has failed to meet these tests here.

### A.   *Failure to File Notice of Appeal*

First, petitioner claims that his counsel failed to file a notice of appeal. (Pet'r's Mot. 4-5.) The *Strickland* test applies to claims of ineffective assistance based on a defense attorney's failure to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). The Court finds that petitioner has failed to satisfy the first prong of this test.

The Court first must question, under *Strickland*'s reasonableness standard, whether petitioner instructed his attorney to file an appeal. *Flores-Ortega*, 528 U.S. at 477 ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable"). Petitioner claims that after he signed the plea agreement, he asked his counsel, Erica Hashimoto, if she would file a notice of appeal. (Pet'r's Mot. 4.) He further claims that she initially said "not at this time," but later said that she would file a notice of appeal. *Id.* In contrast, Ms. Hashimoto states in her affidavit that, after the sentencing hearing, she informed petitioner that although he could note an appeal if he wished, there was no legal basis on which to appeal the Court's sentence. (Hashimoto

Aff. ¶ 9.) She further states that because petitioner ultimately decided he did not want to note an appeal, she did not do so. *Id.*

During the sentencing hearing in this case, this Court personally advised Smith of his right to appeal and the applicable time limit of ten days. (Tr.of May 27, 2004 at 13) ("The [d]efendant has a right to appeal the sentence imposed by this Court. If he chooses to appeal, he must do so within ten days after the Court has entered judgment in this case.") Moreover, based upon its experience in this case, and its experience with defense counsel in many cases[4], the Court credits Ms. Hashimoto's version of the events over Smith's. *See United States v. Taylor*, 339 F.3d 973, 978 (D.C. Cir. 2003). Accordingly, the Court finds that petitioner did not ask his counsel to file an appeal, and therefore, counsel's representation of defendant was not ineffective.

**B.     *Failure to Object to Court's Imposition of Fine and Special Assessment***

Petitioner also complains that his counsel failed to object to the $200 in special assessment fees and the $1,000 fine imposed by the Court. (Pet'r's Mot. 4.) However, Ms. Hashimoto's inaction was reasonable in light of the fact that the special assessment fees were mandatory and the fine was both discretionary and well below the maximum $250,000 fine the Court had the power to impose on petitioner. *See* 21 U.S.C. § 841(b)(1)(D); 18 U.S.C. § 3571(b)(3). As there was no legal basis on which Ms. Hashimoto could have protested

---

[4] Ms. Hashimoto, in this Court's judgment, was one of the finest Assistant Public Defenders who has appeared before this Court. Her integrity, in this Court's judgment, is unassailable.

either the fine or the fees, Ms. Hashimoto's inaction does not qualify as ineffective assistance of counsel under *Strickland*. *See* 466 U.S. at 694.

### C.     *Coercion into the Plea Agreement*

Petitioner additionally claims that his counsel coerced him into entering into the plea agreement. However, nothing in the record supports petitioner's claim that Ms. Hashimoto, or anyone else, coerced him into agreeing to the government's plea deal. Instead, petitioner conveyed to the Court that he understood the plea agreement (Plea Tr. 13:24-14:9), he appreciated both the consequences of such an agreement and his rights under the circumstances (*id.* at 5:8-7:13), that no one threatened or forced him in any way to enter a plea (*id.* at 14:10-13) and that the plea was entered into voluntarily (*id.* at 14:14-15). Additionally, this Court followed the steps outlined in Federal Rule of Criminal Procedure 11(b) in an attempt to ensure that the plea in this case was consensually entered into. (*See* Plea Tr. 2:19-20:7); *see also Farley*, 72 F.3d at 163 ("[T]he representations of the defendant [at a plea hearing] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding and the defendant's declarations in open court carry a strong presumption of verity.") (internal quotations omitted). Therefore, this aspect of petitioner's claim of ineffective assistance of counsel fails.

### D.     *Failure to Raise an Entrapment Argument*

Petitioner also complains about his counsel's failure to raise an entrapment argument in his defense. For an entrapment defense, defendant must demonstrate: (1) the government

must have induced a defendant to commit a crime; and (2) that the defendant was otherwise unwilling to commit the crime. *See United States v. Whoie*, 925 F.2d 1481, 1483 (D.C. Cir. 1991). Ms. Hashimoto stated in her affidavit that, in her professional judgment, the facts of the case did not support an entrapment claim. (Hashimoto Aff. ¶ 10.) Moreover, the government's proffered evidence indicating that defendant flagged down the undercover officer on his own to solicit a drug transaction, (Plea Tr. 15:13-17:4.), suggests that petitioner was willing to engage in criminal activity and, in fact, initiated it. (*Id.*) As a result, counsel's failure to argue a defense of entrapment does not amount to ineffective assistance. *See United States v. Brown*, 449 F.3d 154, 159 (D.C. Cir. 2006) ("[f]ailure to raise a meritless claim is not evidence of ineffective assistance.").

### E.   *Failure to Discuss and Raise Objections to PSI's Contents*

Finally, petitioner claims that his counsel's failure to discuss and raise objections to the PSI's contents amounts to ineffective assistance of counsel. However, petitioner and his counsel signed a document acknowledging that he received and reviewed the PSI and found no material/factual inaccuracies in it. (Receipt and Acknowledgment of PSI.) Ms. Hashimoto has also stated in her affidavit that she saw no objectionable material in the PSI and that either she, or her colleague, reviewed the report with petitioner. (Hashimoto Aff. ¶ 7.) As petitioner fails to provide any support for this claim (*See* Pet'r's Mot. 39), this claim fails.

### III. Improper Sentencing Claims

Petitioner also asserts that the sentence imposed upon him was improper because this Court failed to communicate the nature and consequences of supervised release to petitioner; should not have imposed a period of supervised release following imprisonment when his sentence was already near the maximum of the sentencing guidelines range; and should not have considered defendant's prior convictions when sentencing him.

#### *A.   Supervised Release Claims*

Petitioner claims that the Court failed to inform him of the nature and consequences of supervised release, and that the Court improperly imposed upon him a period of supervised release (Pet'r's Mot. 5, 9). Yet, the supervised release portion of petitioner's sentence was both legal and clearly conveyed to petitioner during the plea agreement hearing. (*See* Plea Tr. 9:8-11.) At the hearing, after the Court explained to petitioner that the thirty-seven month sentencing range did not include an additional possible term of supervised release, petitioner answered that he understood this. (Plea Tr. 9:8-12.) Additionally, Rule 11 does not require the Court to provide petitioner with a detailed account of the nature and consequences of supervised release. *See* Fed. R. Crim. P. 11(b)(1)(H-I) (requiring that the Court, in accepting a guilty plea, simply inform the defendant of any minimum and maximum penalties for the charges to which he or she is pleading guilty). The sentence the Court imposed on petitioner was within the statutory guidelines and was communicated to petitioner in a legally sufficient manner; therefore, the sentence was not illegal or improper.

### B. Improper Consideration of Defendant's Prior Convictions

Petitioner also claims the Court improperly weighed his prior convictions in sentencing him. (Pet'r's Mot. 11-16.) However, United States Sentencing Guidelines § 4A.1.1 requires courts to consider prior criminal history when sentencing a criminal defendant, and it is clear that such consideration does not violate a defendant's Fifth Amendment protection against double jeopardy. *See Witte v. United States*, 515 U.S. 389, 402-03 (1995). Therefore, when the Court considered petitioner's previous conviction, imprisonment, and failure to rehabilitate himself it did not impose an improper sentence.

### CONCLUSION

For the foregoing reasons, this Court DENIES petitioner's Motion to Vacate, Set Aside or Correct the Sentence and the Motion to Amend and Supplement. An appropriate Order will issue with this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge